# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3173

_____

| | | |
|---|---|---|
| William Rogers, Jr. | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Jason Adams, Officer, #1195, sued in | * | Appeal from the United States |
| individual and official capacities; | * | District Court for the |
| Chad Staley, Officer, #1219, sued in | * | District of Nebraska |
| individual and official capacities; | * | |
| | * | [UNPUBLISHED] |
| Appellees, | * | |
| | * | |
| Amy Jacobsen, sued in individual and | * | |
| official capacities; John Colborn, sued | * | |
| in individual and official capacities, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: May 31, 2004
Filed: July 6, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

William Rogers, a Nebraska inmate, appeals from the final judgment entered in the District Court[1] for the District of Nebraska granting summary judgment to defendant police officers Chad Staley and Jason Adams in Rogers's 42 U.S.C. § 1983 action. For reversal, Rogers argues his claims were not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly unconstitutional conviction or imprisonment, § 1983 plaintiff must prove conviction or sentence has been reversed, expunged, declared invalid, or called into question). For the reasons discussed below, we affirm the judgment of the district court.

We review the grant of summary judgment de novo. See Hill v. Scott, 349 F.3d 1068, 1071 (8th Cir. 2003). We agree with the district court that Rogers's success on claims that the officers falsified police reports and provided false information at a probable cause hearing would imply the invalidity of his conviction for drug possession. We thus conclude that Heck bars these claims, even if Rogers's time for filing a state postconviction motion has passed. See Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (noting Heck barred § 1983 claims despite fact that habeas relief was time-barred), cert. denied, 538 U.S. 960 (2003). We also conclude the record shows there was no delay between Rogers's arrest for drug possession and the ensuing probable cause hearing, as both occurred on the same date. See County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991) (noting judicial probable cause determination should generally be made within 48 hours of warrantless arrest).

Accordingly, we affirm.

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.